## THE TIMOR.

### NORDLINGER *et al.* v. NELSON *et al.*

**(District Court, S. D. New York. June 25, 1891.)**

CARRIERS BY SEA—DAMAGE BY RATS—BURDEN OF PROOF—BILL OF LADING—EXCEPTING VERMIN—NEGLIGENCE.

On discharge at New York of a cargo of beans from Fiume, Austria, after a voyage of 34 days, an extraordinary and almost unheard of amount of damage from rats appearing, *held*, (1) that the negligence of the ship to take reasonable and ordinary precautions against such a familiar cause of damage was to be presumed; (2) that, though an exception of liability by reason of "vermin" in the bill of lading included rats, neither that exception nor the exception of damage from negligence, even if valid, excuses the lack of preliminary precautions against rats through a proper previous examination of the ship, thorough washing out or fumigating, or a sufficient supply of cats; (3) that, the ship not having satisfactorily overcome the presumption against her, the libelants were entitled to recover their damages.

In Admiralty. Damage to cargo by rats.
*Wing, Shoudy & Putnam*, for libelants.
*Convers & Kirlin*, for respondents.

BROWN, J. On the voyage of the British ship Timor from Fiume, Austria, to New York, some 3,700 sacks of beans when discharged were found greatly damaged by rats. Upon the testimony I cannot doubt that this damage happened during the voyage. The voyage was a common one, between well-known ports. The cargo was not unusual. The special liability to damage by rats was well known, both as respects the cargo and the place of loading; yet the amount of damage was extraordinary, and almost unheard of. The inference seems to me irresistible and overwhelming, in the absence of any sufficient explanation why this extraordinary damage occurred, that it could only have arisen from some failure of the ship to take the usual precautions against rats, either in the examination and preparation of the ship beforehand, or in the number of cats taken on board, or the facilities afforded them

to keep down such an incursion of rats. The voyage was of only 34 days, only the customary stops were made, and no explanation has been suggested, or seems possible, excepting those very liabilities to incursions from rats which were well known, and which it was the business of the ship to make provisions against. The washing out appears to have been for the purpose of clearing the ship of coal-dust, and with no special reference to any examination for rats; and the neglect may have been in the want of proper attention to them at that time, or in only a partial washing out. In view of the extraordinary damage, the burden of proof to satisfy the court remains upon the respondents. Notwithstanding the considerable testimony on the part of the ship, I am not satisfied of the sufficiency of the defense; and it is not necessary to determine whether the extraordinary damage was from lack of suitable examination for rats beforehand, or because the washing out was but partial, *i. e.*, where the coal-dust was lodged, or from the omission to fumigate, or an insufficient number of cats. I am constrained to the conviction that the ship did not take the necessary and usual precautions, and for that reason should bear the loss, even though the exceptions in the bill of lading, both as to vermin and as regards negligence, were held valid. *The Isabella*, 8 Ben. 139; *Stevens* v. *Navigazione Generale Italiana*, 39 Fed. Rep. 562. Without referring to the other interesting points suggested by the respondents' brief, decree for the libelants, with costs.